No. 25-5724

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**NATIONAL TPS ALLIANCE, et al.**,

Appellees,

v.

**KRISTI NOEM, et al.**,

Appellants.

On Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:25-cv-1766

**APPELLANTS' CIRCUIT RULE 27-3 CERTIFICATE**

(Relief requested by September 22, 2025)
(Immediate administrative stay requested)

## CIRCUIT RULE 27-3 CERTIFICATE

**(1)   Telephone numbers and addresses of attorneys for the parties**

Counsel for Appellants:

>Drew C. Ensign (drew.c.ensign@usdoj.gov)
>William H. Weiland (william.h.weiland@usdoj.gov)
>Lauren Bryant (lauren.e.bryant@usdoj.gov)
>Catherine Ross (catherine.ross@usdoj.gov)
>Luz Maria Restrepo (luz.maria.restrepo@usdoj.gov)
>Eric Snyderman (eric.m.snyderman@usdoj.gov)
>Jeffrey Hartman (jeffrey.m.hartman@usdoj.gov)
>United States Department of Justice, Civil Division
>Office of Immigration Litigation
>P.O. Box 878, Ben Franklin Station
>Washington, DC 20044
>(202) 532-4404

Counsel for Appellees:

>Ahilan Thevanesan Arulanantham (arulanantham@law.ucla.edu)
>UCLA School of Law
>Center for Immigration Law & Policy
>385 Charles E Young Drive East Box 951476
>Los Angeles, CA 90095
>(310) 825-1029

>Stephany Martinez Tiffer (Martineztiffer@law.ucla.edu)
>UCLA School of Law
>Center for Immigration Law & Policy
>385 Charles E Young Drive East Box 951476
>Los Angeles, CA 90095
>(424) 259-5305

Amanda Young (ayoung@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

Emilou MacLean (emaclean@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(510) 473-6343

Michelle Young Cho (mcho@aclunc.org)
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

Erik Matthew Crew (ecrew@haitianbridge.org)
Haitian Bridge Alliance
4560 Alvarado Canyon Rd Ste H
San Diego, CA 92120
(949) 603-7411

Jessica Karp Bansal (jessica@ndlon.org)
National Day Laborer Organizing Network
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
(626) 214-5689

Lauren Michel Wilfong (lwilfong@ndlon.org)
National Day Laborer Organizing Network
1030 S Arroyo Pkwy, Suite 106
Pasadena, CA 91105
(551) 786-2299

Eva Lucia Bitran (ebitran@aclusocal.org)
ACLU Foundation of Southern California
1313 W. 8th St.
Los Angeles, CA 90017
(909) 380-7510

**(2)     Facts showing the existence and nature of emergency**

The district court entered a universal judgment on Friday, September 5, 2025, under 5 U.S.C. § 706 of the Administrative Procedure Act to vacate Secretary of Homeland Security Noem's 2025 decisions to vacate the 2025 Temporary Protected Status (TPS) Extension for Venezuela and to terminate the 2023 TPS Designation for Venezuela. The government seeks an immediate administrative stay and a stay pending appeal of the district court's judgment with respect to the Secretary's 2025 decisions to vacate the 2025 TPS Extension for Venezuela and to terminate the 2023 TPS Designation for Venezuela.

In the government's view, the district court's judgment was subject to the automatic 30-day stay provided in Federal Rule of Civil Procedure 62(a), which serves to allow litigants to obtain a more durable stay pending appeal in an orderly manner. *See* Adv. Comm. Notes on Rules (2018) (Rule 62(a) "provide[s] a would-be appellant the full period of appeal time to arrange a stay by other means"). The government accordingly sought a stay pending appeal in the district court on Saturday, September 6, seeking to leave sufficient time under the 30-day automatic stay to pursue relief before

3

this Court and the Supreme Court if necessary. Dkt. 281. The district court denied the motion on September 10. Dkt. 296.

Yesterday, the district court ordered that its judgment was effective immediately, rejecting the government's understanding that the district court's judgment was automatically stayed for 30 days by the operation of Rule 62(a). Dkt. 304 (rejecting argument that "this lawsuit was not 'an action for an injunction'" under Rule 62(c), despite ruling that §1252(f)(1) inapplicable, and separately ordering that "the final judgment is to be given immediate effect" under Rule 62(a)).

The district court also vacated Secretary Noem's Partial Vacatur of Haiti's TPS extension. A district court in New York had previously entered final judgment on that issue, *Haitian Evangelical Clergy Association v. Trump*, — F. Supp.3d —, 2025 WL 1808743 (E.D.N.Y. July 1, 2025), and the government does not seek to stay the district court's ruling to the extent that it applies to Haiti's current TPS designation. Separately, the district court ruled that Secretary Noem's Vacatur and Termination of Venezuela's 2023 designation did not apply to TPS-related documents that were already issued before her termination decision. The government does not seek to stay that aspect of the district court's ruling pending appeal, either.

A stay pending appeal is necessary because the district court stayed Secretary Noem's 2025 Vacatur and Termination of TPS for Venezuela. As explained more fully in the emergency motion, 8 U.S.C § 1254a(b)(5)(A) precludes judicial review of Secretary Noem's Vacatur and Termination determinations with respect to Venezuela.

4

Even if it did not, the court's determination that the Secretary lacked inherent authority to reconsider a TPS extension was erroneous. Adding to the list of defects, the court also lacked jurisdiction to issue its judgment under 8 U.S.C. § 1252(f)(1), which the Supreme Court has unequivocally held prohibits courts from enjoining or restraining actions to enforce, implement, or otherwise carry out the specified statutory provisions, including TPS.

The balance of equities also favors a stay because the district court is inflicting irreparable harm by preventing DHS from exercising its authority regarding TPS in furtherance of the national interest. The district court's judgment frustrates Secretary Noem's substantive judgment as to how to implement the TPS statute in line with the government's interests. These harms will be compounded the longer that the judgment remains in place.

Reviewing identical issues as part of the government's interlocutory appeal from the district court's previous stay order under 5 U.S.C. § 705, Dkt. 93, the Supreme Court entered a stay pending appeal, necessarily concluding that the government was likely to prevail on appeal and that the balance of equities weighed in favor of a stay pending appeal. *Noem v. National TPS Alliance*, --- S. Ct. ---, 2025 WL 1427560 (May 19, 2025). Only one Justice noted a dissent from that stay decision, which applies with equal force here. *See Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). This Court thus should (and must) enter a stay pending appeal here.

5

A stay pending appeal is critical because the government is irreparably harmed where, as here, a court orders the Secretary to operate the TPS statute in a way that she has already determined in her unreviewable discretion is contrary to the national interest, particularly where both 8 U.S.C. § 1254a(b)(5)(A) and § 1252(f)(1) bar the coercive relief ordered by the district court. As noted above, the Supreme Court has already determined that the Secretary's inability to implement her termination of the 2023 TPS designation for Venezuela would inflict irreparable harm upon the government that warrants a stay while appellate proceedings are conducted.

**(3)　When and how counsel was notified**

Appellants' counsel notified counsel for Appellees by email on September 12, 2025, of Appellants' intention to file this motion. On September 12, 2025, counsel for Appellees responded by email that they oppose the motion and intend to file a response. Service will be effected through the ACMS system.

**(4)　Submissions to the district court**

The district court issued an opinion granting partial final judgment on September 5, 2025. Appellants moved for a stay pending appeal the next day, on April 6, 2025. The district court denied Appellees' motion to stay on September 10, 2025. Dkt. 296. Yesterday, on September 11, the district court rejected the government's view that Federal Rule of Civil Procedure 62(a) automatically stayed the judgment for 30 days and ordered that its judgment was effective immediately. Dkt. 304.

6

**(5) Decision requested by**

The government requests an immediate administrative stay, and it requests a decision on the motion for a stay pending appeal as soon as possible, but no later than September 22, 2025, because the district court ordered yesterday that its judgment is immediately effective. Dkt. 304 (enforcement order). The government is irreparably harmed by a district court order requiring the Secretary to operate the TPS statute in a manner that she has determined is contrary to the national interest, requiring the termination of Venezuela's 2023 TPS designation.

An immediate administrative stay is warranted here as the district court has acted to circumvent the Supreme Court's prior stay and attempted to alter the status quo in the period while an appellate stay is sought.

Undersigned counsel certifies that the foregoing information complies with Circuit Rule 27-3.

Counsel for Appellants:

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4404
Email: Jeffrey.M.Hartman@usdoj.gov

Dated: September 12, 2025