**Nos. 25-5724, 26-187**
**(before Judges Wardlaw, Mendoza, and Johnstone)**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

NATIONAL TPS ALLIANCE, *et al.*,

*Plaintiffs-Appellees.*

v.

MARKWAYNE MULLIN, *et al.*,

*Defendants-Appellants,*

---

On Appeal from the United States District Court
for the Northern District of California
No. 25-cv-1766-EMC

---

**APPELLANTS' MOTION TO**
**CONSOLIDATE APPELLATE PROCEEDINGS**

---

Pursuant to Federal Rule of Appellate Procedure 27, Appellants respectfully move the Court to consolidate the appeals in *National TPS Alliance v. Mullin*, No. 25-5724 (9th Cir.), and *National TPS Alliance v. Mullin*, No. 26-187 (9th Cir.), because they arise from the same district court litigation and involve substantially overlapping legal issues regarding the Secretary of Homeland Security's reconsideration of the extension and subsequent termination of Venezuela's 2023 Temporary Protected Status ("TPS") designation. *See Sarkar v. Garland*, 39 F.4th 611, 617 (2022) ("Federal

courts have inherent power 'to control the disposition of the causes on their dockets with economy of time and effort for themselves, for counsel, and for litigants.'") (alterations omitted; quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see, e.g.*, *Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, n.* (9th Cir. 2015) (consolidating related appeals).

The first appeal, No. 25-5724, is from the district court's partial final judgment vacating the challenged actions. After that appeal had been fully briefed and scheduled for oral argument, *see* No. 25-5724, DE 58, 59, the district court entered a declaratory judgment on the same claims as its previous partial final judgment. The district court described the new declaratory judgment as "essentially derivative of the earlier judgment" and wholly "[b]ased on the merits analysis in its prior summary judgment order." *National TPS Alliance v. Noem*, 25-cv-1766-EMC, 2025 WL 3539156, *1 (N.D. Cal. Dec. 10, 2025). The declaratory judgment order included no independent merits reasoning. *Id.* The government's appeal of the declaratory judgment order is No. 26-187.

Because the first appeal was fully briefed before the second appeal was filed, the appeals were not previously consolidated, and this Court previously stayed briefing in the second appeal pending the Supreme Court's resolution of *Doe v. Mullin*, 609 U.S. 324 (2026). *See* Dkt. 13, *National TPS Alliance v. Mullin*, No. 26-187 (9th Cir. Apr. 14, 2026).

Now that the panel has decided No. 25-5724, *see National TPS Alliance v. Noem*, 166 F.4th 739 (9th Cir. 2026), *reh'g en banc denied by* 169 F.4th 796, 797 (9th Cir. 2026), and the Supreme Court has granted the government's petition for a writ of certiorari, vacated this Court's judgment in No. 25-5724, and remanded "for further consideration in light of" *Doe*, the cases are in the same posture for purposes of merits briefing, and the Court should consolidate the appeals and permit both appeals to be briefed on the same expedited schedule. *Mullin v. National TPS Alliance*, — S. Ct. —, 2026 WL 2976626, at *1 (U.S. Oct. 5, 2026); *see National TPS Alliance v. Mullin*, — F.4th — 2026 WL 3266811, at *1 (9th Cir. Oct. 30, 2026) (order) (stating intent to establish an expedited schedule for No. 25-5724). The questions presented in No. 26-187 wholly overlap with those in No. 25-5724, and No. 26-187 presents the additional question whether the district court had jurisdiction to enter a declaratory judgment during the pendency of the appeal in No. 25-5724.

On November 3, 2026, undersigned counsel emailed Appellees' counsel for their position on this consolidation motion; Appellees' counsel did not respond with their position before the motion was filed.

## CONCLUSION

The Court should consolidate the government's timely appeals in No. 25-5724 and No. 26-187 and establish an appropriate briefing schedule.

Dated: November 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

RUTH ANN MUELLER
*Senior Litigation Counsel*

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Stat.
Washington, DC 20044
Tel: (202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27, I certify that the text of this motion is in double-spaced, proportionally spaced 14-point Garamond type, and the motion contains 4 pages in compliance Ninth Circuit Rule 27-1(d). This pleading was scanned for viruses and malware by Microsoft CrowdStrike Falcon and determined to be free of malicious software.

/s/ Jeffrey M. Hartman
Jeffrey M. Hartman
*Trial Attorney*
Office of Immigration Litigation

## CERTIFICATE OF SERVICE

I certify that on November 3, 2026, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system. Appellees were served using the ACMS system.

/s/ Jeffrey M. Hartman
Jeffrey M. Hartman
*Trial Attorney*
Office of Immigration Litigation